IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES D. PUGH,

        Plaintiff,    Case No. 3:06 CV 3080

 -vs-

                 MEMORANDUM OPINION

ALLEN COUNTY SHERIFFS DEPARTMENT,
et al.,

        Defendant.

KATZ, J.

   This matter is before the Court on the defendants' motion for summary judgment (Doc. 18) without response from the plaintiff. This Court has jurisdiction pursuant to 18 U.S.C. § 1331.

**I. Background**

   Plaintiff Charles Pugh filed this action against the Allen County Sheriff's Department, Allen County Sheriff Daniel Beck in his official capacity, and Allen County Sheriff's Deputies Terry Sneary and Brad Hoy in their individual and official capacities.

   On June 10, 2005, Plaintiff was driving south on State Route 65 in Allen County, Ohio when he passed by Columbus Grove Police Chief Eddie Huff, who was assisting a disabled vehicle on the side of the highway. Chief Huff felt Plaintiff passed too fast and too close to his vehicle, so he pulled over Plaintiff. Because he was outside of Columbus Grove's jurisdiction, Chief Huff radioed a request to have an Allen County Sheriff's Deputy respond and issue Plaintiff a citation. Defendant Deputy Terry Sneary was the first to arrive at the scene, and after being briefed on the situation by Chief Huff, Sneary issued Plaintiff a citation for failure to yield to an emergency vehicle.

Defendant Sneary explained to Plaintiff that the citation required Plaintiff's signature and social security number, but Plaintiff refused to provide either. After Sneary's multiple requests for the information were refused, Sneary informed Plaintiff that if he did not provide his signature and social security number he would be placed under arrest. Plaintiff continued to refuse. Defendant Sneary then opened Plaintiff's car door, but Plaintiff pushed him away and tried to close the door. Sneary believed that Defendant was trying to flee, and in the struggle that ensued, Plaintiff grabbed Sneary's left hand and bit his index finger. While Sneary's finger was still in Plaintiff's mouth, Sneary struck Plaintiff on the chin. Sneary then pulled Plaintiff out of the car and executed a takedown maneuver to place Plaintiff face down on the ground. With the help of Defendant Deputy Brad Hoy - who arrived at the scene sometime after Sneary - Sneary gained control of Plaintiff, handcuffed him, and the two Deputies put Plaintiff in a cruiser. Throughout the duration of the struggle, Chief Huff trained his taser on Plaintiff, but the taser was never used.

Defendants admit that Plaintiff suffered a contusion on the right side of his face when Defendant Sneary executed the takedown maneuver on Plaintiff. However, Plaintiff does not dispute that he was examined by a nurse while in custody at the Allen County Safety Center. Nor does he dispute that the examining nurse could not find any injury or cut in his mouth. *Id.* Moreover, Plaintiff admitted at deposition that he did not receive treatment for injuries as alleged in his complaint. Pl.'s Dep. at 103; Compl. at ¶24.

Plaintiff instituted this action on December 26, 2006, alleging physical abuse, unlawful arrest or detention, and denial of civil rights. Plaintiff's attorney made a motion to withdraw on July 24, 2007 (Doc. 15), which this Court granted on August 3, 2007 (Doc. 17). On September 28, 2007, all defendants - the Allen County Sheriff's Office, Allen County Sheriff Daniel Beck,

and Allen County Sheriff's Deputies Sneary and Hoy - moved for summary judgment. Plaintiff has not responded to Defendants' motion. For the reasons stated herein, Defendants' motion for summary judgment is hereby granted.

**II.      Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id*. at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (quoting FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General*

*Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. United States*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**III. Discussion**

Plaintiff's complaint alleges that each of the four Defendants with participated in his physical abuse, unlawful arrest or detention, and denial of civil rights. This Court construes Plaintiff's claims of physical abuse and unlawful arrest or detention as Ohio law claims for battery

and false arrest. Plaintiff bases his action for "violation of civil rights" on 18 U.S.C. § 245, 42 U.S.C. § 1985, and 42 U.S.C. § 1983.

### A. Claims Against the Allen County Sheriff's Department

A sheriff's department is not a legal entity, and is not a party that can be sued. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (citing *Kurz v. State of Mich.*, 548 F.2d 172, 174 (6th Cir. 1977)) (holding that "the Sheriff's Department is not a legal entity subject to suit"); *Elam v. Montgomery County*, 573 F. Supp. 797, 804 (S.D. Ohio 1983) (holding that "the Defendant 'Sheriff's Office' is a subunit of Montgomery County, and appears not to be an entity, in and of itself, subject to suit"). On that basis, Defendant Allen County Sheriff's Office's motion for summary judgment is granted on all claims.

### B. Claims Against Sheriff Beck and Against Deputies Sneary and Hoy

#### 1. Battery and False Arrest

Plaintiff charges that the physical altercation leading up to his arrest constitutes battery, and that the arrest itself was a false arrest. Doc. 2, pg. 4-6. The statute of limitations for battery and false arrest in Ohio is one year. *See* Ohio Rev. Code §§ 2305.11; 2305.111. The alleged battery and false arrest occurred on June 10, 2005. Doc. 2, pg. 4. Plaintiff filed this suit on December 26, 2006. Compl., Doc. 2. More than one year had elapsed between the alleged incident and the filing of this suit relating to that incident. On this basis, Defendants' motion for summary judgment is granted with respect to the claims for battery and false arrest.

#### 2. 18 U.S.C. § 245 and 42 U.S.C. § 1985

Plaintiff's claim for "violation of civil rights" is based in part on causes of action under 18 U.S.C. § 245 and 42 U.S.C. § 1985. Doc. 2, pg. 7. 18 U.S.C. § 245 is a criminal section, and

5

therefore has no applicability to the instant civil suit. Moreover, none of 42 U.S.C. § 1985's three subsections applies to this case. Section1985(1) provides an action against people who prevent officers of the United States from performing their duties. Section 1985(2) provides an action against people who prevent a party, witness, or juror from doing their duty in a court proceeding. Section 1985(3) provides an action against people who conspire to deprive citizens of equal privileges, immunities, or protection of the law. Moreover,

> [a] § 1985(3) complaint must "allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action." *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992). Further, "conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987).

*Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007). Plaintiff's complaint does not allege any class-based discriminatory animus. Additionally, Plaintiff's complaint contains no facts alleging a conspiracy. Therefore, Defendants' motion for summary judgment is granted with respect to claims pursuant to 18 U.S.C. § 245 and 42 U.S.C. § 1985.

### 3.     42 U.S.C § 1983

Plaintiff's only remaining claim arises under 42 U.S.C. §1983, which requires a plaintiff to prove "that some conduct by a person acting under color of state law deprived the plaintiff . . . of a right secured by the Constitution or other federal laws." *Foy v. City of Berea*, 58 F.3d 227, 229 (6th Cir. 1995). In this case, Plaintiff contends that Defendants acted under color of state law to

6

deprive him of his constitutionally secured right to be free from unconstitutional seizure and excessive use of force.[1]

Defendants Sneary and Hoy respond to these allegations by asserting that they are entitled to qualified immunity against suit on these claims. "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194, 200 (2001). In *Saucier v. Katz*, the Supreme Court established a three-step analysis for determining whether police officers are entitled to qualified immunity. *Id.*; *see also Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003). Each step of the analysis "must be considered in proper sequence." *Saucier*, 533 U.S. 194 at 200. First, as a threshold matter, a court must consider whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? . . . If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* at 201. Second, if the allegations would establish a constitutional violation, a court must determine "whether the right [that was violated] was clearly established." *Id.* In making this

---

[1] The specific rights alleged to have been violated are (1) freedom of speech and press; (2) release on own recognizance or reasonable bail; (3) freedom from illegal seizure of one's person, papers, and effects; (4) freedom from unlawful arrest and conviction without evidence in support thereof; (5) freedom from illegal detention and imprisonment; (6) freedom from physical abuse, coercion and intimidation. Doc. 2, pg. 7, 20. Number one is clearly inapplicable. Number two is likewise inapplicable, because Plaintiff was released on bond after having been in custody for two to three hours, Doc. 2, pg. 5; Doc. 18-2, pg. 5, and because Plaintiff has made no factual allegations supporting his claim that he was denied reasonable bail. Finally, numbers three to five amount to claims for unconstitutional seizure and excessive use of force. These claims are examined herein.

Additionally, this Court notes that Plaintiff claims that he was not read his *Miranda* rights by Defendants. However, Plaintiff failed to make any factual allegations supporting this claim and made this claim only in passing, not as an independent claim or a substantial part of any other claim. *See* Doc. 2, pg. 5-7, 16, 19-20.

determination, "the relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. Third, a court must "determine whether the plaintiff has offered sufficient evidence 'to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.'" *Feathers*, 319 F.3d 843, 848 (citing *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (en banc)).

With regard to Plaintiff's claim that he was unconstitutionally seized, the Supreme Court has held that "[a]n 'arrest without a warrant does not violate the Fourth Amendment if probable cause exists for the arresting officer's belief that a suspect has violated or is violating the law.'" *U.S. v. Strickland*, 144 F.3d 412, 415 (6th Cir. 1998) (quoting *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988)). As noted earlier, Plaintiff refused to provide his social security number and to sign the citation upon repeated requests by the arresting officer. Consequently, probable cause existed that Plaintiff was violating a crime, and Plaintiff was properly arrested without a warrant. Thus, the facts alleged do not show that Defendants' conduct violated Plaintiff's constitutional right to be free from unlawful seizure, and Defendants are immune from standing trial on this claim.

With regard to Plaintiff's claim that Deputies Sneary and Hoy used excessive force, the Court must analyze whether qualified immunity applies both to Deputy Sneary's strike to Plaintiff's head, and for the takedown maneuver used on Plaintiff.

First, Defendants are entitled to qualified immunity for the strike to Plaintiff's head because, taken in a light most favorable to Plaintiff, the facts alleged do not show the officers' conduct violated a constitutional right. *Saucier*, 533 U.S. 194, 201. The Supreme Court has held

8

that "[a] claim of excessive force in the context of 'an arrest, investigatory stop, or other 'seizure'' is analyzed under the Fourth Amendment's 'objective reasonableness' standard. *Baker v. City of Hamilton*, 471 F.3d 601, 606 (6th Cir. 2006) (citing *Graham v. Connor*, 409 U.S. 386, 388 (1989)). Moreover, the Sixth Circuit has held that

> [a]n officer making an investigative stop or arrest has "the right to use some degree of physical coercion or threat thereof to effect it." Relevant considerations include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."

*Fox v. DeSoto*, 489 F.3d 227, 236 (6th Cir. 2007) (quoting *Graham*, 490 U.S. 386, 395-96). In the instant case, Plaintiff was actively resisting arrest and posed some degree of immediate harm by biting Deputy Sneary's finger and by attempting and threatening to recklessly flee the scene in his automobile. This Court cannot say that it is objectively unreasonable for a Deputy Sheriff to strike an unrestrained, struggling suspect on the mouth when the Deputy's finger is being bitten by the suspect in light of the suspect's clear and violent attempt to resist arrest and flee the scene. As such, this use of force did not constitute a constitutional violation, and Defendants are immune from suit on this claim.

Defendants are likewise immune from suit for excessive use of force for the use of the takedown maneuver. Again, the three considerations from *Fox* lead this Court to conclude that Plaintiff's actively resisting arrest posed some degree of an immediate threat of harm to Defendants. Moreover, in *Fox*, the Sixth Circuit held that an officer did not use excessive force when his use of a takedown maneuver to gain control of an uncooperative suspect resulted in a cut and bruising below one eye. *Fox*, 489 F.3d 227, 236-37. The takedown maneuver in this case was likewise not a constitutional violation, and Defendants are immune from suit on this claim.

9

**IV.     Conclusion**

For the reasons discussed herein, Defendants' motion for summary judgment on all counts is hereby granted (Doc. 18).  Case dismissed.

IT IS SO ORDERED.

                   s/ *David A. Katz*
                DAVID A. KATZ
                U. S. DISTRICT JUDGE